J. J. HARPER v. AMMA RIVENBARK.

(Filed 11 March, 1914.)

1. Pleadings — Allegations — Ownership and Possession — Special Property Rights.

Allegations in the complaint that the plaintiff was the owner of certain lands and had possession thereof, and that the defendant wrongfully and forcibly took possession thereof to his damage, are comprehensive enough to include a special property right therein with a present right of possession.

2. *Tenants in Common—Contracts or Agreements for Possession.*

An agreement made by tenants in common, that one of them shall have sole or exclusive possession of the common property, is valid and enforcible.

3. Same—Conversion—Trials—Damages—Negligence.

A. having purchased from a partnership, B. & C., a sawmill under an agreement to take possession of the property and pay the partnership debts, thereafter agreed with B., for a further consideration, that the latter should have a one-half interest after the debts were paid. C. claiming by a subsequent purchase from B. of the latter's interest, took forcible possession of the property, and while operating it, it was destroyed by fire: *Held*, C.'s right to the property was subject to the agreement between A. and B. that the former should retain possession, etc., and A., having a special property right of possession, was entitled to recover his damages in his action against C. for the latter's wrongful conversion, without proof of negligence.

APPEAL by plaintiff from *Connor, J.,* at October Term, 1913, of NASH.

This is an action to recover damages for the loss of a sawmill plant.

The plaintiff alleges in his complaint that he is the owner of said plant, which is denied by the defendant.

Evidence was offered tending to prove that prior to 30 May, 1906, W. J. Teachey and the defendant Rivenbark were the owners of said plant; that on said day they sold the same to the plaintiff for $1,250, under an agreement that he would pay·the debts of the partnership of Teachey and Rivenbark; that the plaintiff subsequently agreed with said Teachey that he would

buy certain standing timber and would operate the mill, and after paying the debts paid by the plaintiff, all expenses and costs of new equipment out of profits, that said Teachey should have a one-half interest in the plant; that the plaintiff then took exclusive possession of the plant and operated it until February, 1907; that after February, 1907, said plant was not operated until March, 1909, but during this time the plaintiff had exclusive possession, and had an agent in charge of it; that in March, 1909, the defendant Rivenbark took forcible possession of the plant, driving off the agent of the plaintiff, and began operating the same, and some time thereafter, while being operated by the defendant, it was burned; that the plaintiff has never been reimbursed the amounts expended by him out of the profits or otherwise.

The defendant offered evidence tending to prove that the plaintiff did not buy the interest of Teachey in said plant, and that after the purchase by the plaintiff the said Teachey sold his interest to the defendant, and that he took possession of the plant rightfully.

The following verdict was returned by the jury:

1. Was the plaintiff in June, 1909, the sole owner of the property described in the complaint?  A. No.

2. Did the defendant wrongfully and unlawfully take possession of the same in June, 1909, and operate it, as alleged in the complaint?  A. ........

3. Did the defendant negligently and carelessly permit the said plant to be burned, as alleged in the complaint?  A. ......

4. What damage has the plaintiff sustained thereby?  A. ....

His Honor charged the jury, among other things:

"If the jury shall find from the evidence that Harper bought the property on 30 May, 1906, for himself, and acquired the interest of both Rivenbark and Teachey, but subsequently agreed with Teachey that instead of paying Teachey for his interest in the property, that he would take charge of the property, run it and manage it, and that when all the debts and advancements made by Harper had been paid out of the proceeds of such operation, they—that is, Teachey and Harper—should both run and

manage the mill, then the court charges you that by virtue of such an agreement, if you find such an agreement was made, Harper and Teachey became the owners of the property as tenants in common; and if you shall further find that Teachey subsequently sold his interest in said property to defendant Rivenbark, prior to June, 1909, then the court charges you that in June, 1909, the plaintiff and defendant were tenants in common of said property; that the plaintiff was not the sole owner of the said property, and you should answer this issue "No." Plaintiff excepted.

Judgment was rendered upon the verdict in favor of the defendant, and plaintiff appealed. .

*Bernard & Bernard and N. Y. Gulley for plaintiff.*
*F. S. Spruill for defendant.*

ALLEN, J. The plaintiff alleges that he was the owner and had possession of the property in controversy at the time of the alleged wrongful acts of the defendant, and these allegations are comprehensive enough to include a special property therein with a present right of possession. 38 Cyc., 1550; *Cumbey v. Lovett,* 26 Minn., 229; *Penland v. Leatherwood,* 101 N. C., 515.

In the Minnesota case the Court says: "In an action of claim and delivery the plaintiff is not required to plead specially the source of his title, or the particular facts which entitle him to the.possession of the property. He may allege generally that he is the owner and entitled to the immediate possession, and under that prove any right of property, general or special, that entitles him to such possession."

In the *Penland case* the plaintiff, a constable, sued to recover the value of certain goods in his hands by virtue of the levy of certain executions, which had been seized by the defendant, and it was held that the plaintiff "had such special property in and ownership of the goods in dispute as entitled him to recover."

If this position is sound, and the plaintiff is entitled to maintain his action upon proof of a special property, under an allegation of ownership, it follows that his Honor was in error when he in substance charged the jury to answer the first issue "No,"

although they might find from the evidence that the plaintiff bought the interest of Teachey and the defendant Rivenbark, and had the property in his possession under an agreement with Teachey that he would manage it, and when all the debts and advancements made by the plaintiff had been paid out of the proceeds of operation, both should run and operate it.

If these facts recited in the instruction are established, the plaintiff at the time of the entry by the defendant was in any event the absolute owner of one-half of the property, and he had a special property in the whole, coupled with possession, for the purpose of repaying the items of expenditure included in the agreements with Teachey, and the defendant having bought from Teachey subsequent to his agreement with the plaintiff, took subject to this agreement.

If so, conceding that the defendant is a tenant in common with the plaintiff, he had no right to the possession, as "it is competent for tenants in common to agree among themselves that one of them shall have sole or exclusive possession of the common property, and such an agreement is valid and enforcible (38 Cyc., 19), and upon these facts his entry would be wrongful, and he would be liable in damages for a conversion without proof of negligence (38 Cyc., 295), the amount of the recovery being dependent on the value of the interest of the plaintiff and the value of the property at the time of the conversion.

For the reasons stated, a new trial is ordered, with directions to strike out of the first issue the word "sole," and to submit such additional issues as may be necessary to settle the controversy between the parties.

New trial.